Nicholas D. Kovarik, WSBA #35462
PISKEL YAHNE KOVARIK, PLLC
522 W. Riverside Ave., Suite 410
Spokane, WA 99201
Telephone: (509) 321-5930
Facsimile: (509) 321-5935
Email: nick@pyklawyers.com

Sean E. Johnson, WSBA #46089
JOHNSON LAW FIRM, P.C.
421 W. Riverside Avenue, Suite 407
Spokane, WA 99201
Telephone: (509) 325-4887
Facsimile: (509) 443-4462
sean@seanjohnlaw.com

Attorneys for Plaintiff Jeremy Sundheim

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JEREMY SUNDHEIM, a married individual; <br>           Plaintiff, <br> v. <br><br> JLG INDUSTRIES, INC., a Pennsylvania Corporation, <br>           Defendant. | NO. <br><br> **COMPLAINT** <br><br> **DEMAND FOR JURY TRIAL – FRCP 38(b)** |

Plaintiff Jeremy Sundheim, by and through his attorneys of record, Piskel Yahne Kovarik, PLLC, and Johnson Law Firm, P.C., hereby alleges:

COMPLAINT - 1

## I. PARTIES AND JURISDICTION

1. Plaintiff Jeremy Sundheim is a married individual who resides in Spokane County, Washington. Mr. Sundheim has done all things necessary to maintain this action.

2. Defendant JLG Industries, Inc. ("JLG") is believed to be a Pennsylvania corporation and a subsidiary of the publically traded company known as Oshkosh Corporation Company. JLG has its principal place of business in McConnellsburg, Pennsylvania.

3. Defendant JLG conducts business all across the world and continuously and systematically in the State of Washington. JLG is the world's leading designer and manufacturer of access equipment. Its personnel and products can be found all over the world and in Washington.

4. The amount in controversy exceeds $75,000.

5. Jurisdiction and venue are proper in this Court.

## II. FACTS

6. Plaintiff Mr. Sundheim incorporates by reference the allegations set forth above, as if fully set forth herein.

7. On October 5, 2013, Mr. Sundheim was in Bainville, Montana working for Pac 4 Coatings and Waterproofing ("Pac 4"). Pac 4 was

COMPLAINT - 2



Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 410
Spokane, Wa 99201
P 509.321.5930 / F 509.321.5935

contracted by Procore to waterproof fracking silos manufactured by Trident Structures. A lift was needed in order to properly perform the contracted work and fully waterproof the upper parts of the silos. Thus, Pac 4 rented a JLG Telescopic Boom Lift, Model 1350SJP (the "Lift") from United Rentals.

8. Defendant JLG is and at all times material hereto was an entity that is in the business of manufacturing equipment. Specifically, but without limitation, Defendant JLG was in the business of manufacturing telescopic boom lifts, including, but not limited to manufacturing the Lift at issue.

9. In performance of the Procore contract, Pac 4 directed its employees to travel to Bainville, Montana and commence work. Mr. Sundheim and another Pac 4 employee, Rod Rice, were the two employees that performed the work.

10. Prior to operating the Lift, Mr. Sundheim and Mr. Rice performed the necessary pre-operation checks, followed all safety procedures, wore the proper harnesses, and were properly "tied-off." After following the necessary safety procedures, Mr. Sundheim and Mr. Rice began to perform work from the Lift.

11. While Mr. Sundheim and Mr. Rice were extended up in the Lift's operations basket, it failed to respond to the controls. In particular, when the boom was commanded to go up, it would suddenly and inexplicably extend out 5 to 6 feet. When commanded to go down, the boom would have similar, but opposite effects. This malfunctioning caused the Lift to jerk, swing, bounce, and make unexpected "hard stops." The jerking and bouncing of the basket whipped Mr. Sundheim and Mr. Rice in

COMPLAINT - 3

such a manner that it was difficult for each of them to keep their balance, even while gripping the basket with both hands and being properly harnessed.

12. Mr. Sundheim and Mr. Rice ultimately became stranded in the lift. Because they were not able to do a system reset, a call was made from the basket, and they spoke with United Rentals' technician.

13. United Rentals' technician was not able to troubleshoot the Lift over the phone, so another technician from United Rentals was dispatched to the site. After some time, Mr. Sundheim and Mr. Rice were able to get the lift back on the ground, which was approximately the same time United Rentals' technician arrived on site.

14. When United Rentals' technician arrived, he requested to recreate the issues experienced by Mr. Sundheim and Mr. Rice, and thus joined Mr. Sundheim and Mr. Rice in the basket as it was raised up. Within minutes, the Lift malfunctioned again, exhibiting the same issues previously described.

15. After troubleshooting the lift and going back and forth to the jobsite several times over a couple of days, the United Rentals' technician contacted Defendant JLG in an effort to determine the issue with the Lift. Defendant JLG advised the technician that there was a bad boom sensor in the control panel, which needed to be replaced.

16. During the repair, the technician was required to call Defendant JLG's hotline and obtain specific instructions on how to replace the sensor. Defendant JLG did not inquire as to the technician's credentials or certifications and failed to properly instruct the technician on how to

COMPLAINT - 4

properly replace the boom sensor. Nonetheless, after Defendant JLG's specific instruction on how to repair the Lift, the technician advised Mr. Sundheim and his crew that the Lift was operational.

17. Upon receiving word that the Lift had been fixed, Mr. Sundheim and Mr. Rice, performed the necessary safety check, properly harnessed themselves, placed themselves in the basket, and proceeded to raise the basket in the air to perform their work.

18. The controls again became unresponsive and unpredictable. The basket would slam into the jib, even when using the slowest speed. The Lift also continued to jerk and stop uncontrollably. These actions caused Mr. Sundheim to be whipped and thrown into the metal rail on the basket several times causing injury to and extreme pain in his right hip. Upon the Lift malfunctioning again, Mr. Rice immediately, but not without continued struggle, got the Lift back on the ground.

19. As a result of this incident, Mr. Sundheim suffered and continues to suffer substantial harm, injury and damages.

### III.  CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### (Negligence)

20. Plaintiff Mr. Sundheim incorporates by reference the allegations set forth above, as if fully set forth herein.

21. Defendant JLG owed Mr. Sundheim a duty of reasonable care.

Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 410
Spokane, Wa 99201
P 509.321.5930 / F 509.321.5935

22. Defendant JLG breached the duty to use reasonable care and was negligent, including, but not limited to the following ways: failure to properly instruct the technician on how to replace a boom sensor, failure to inquire as to the technician's training, certification and credentials and determine if he had the experience necessary to properly replace the boom sensor, and failure to properly manufacture the Lift free from defect.

23. Such breach has proximately caused Mr. Sundheim significant harm, injury and damages in an amount to be proven at trial, plus interest, attorney fees and costs pursuant to equity and applicable law.

24. The negligence of Defendant JLG's employees occurred within the course and scope of employment.

25. Defendant JLG is liable for the acts and omissions of its employees under the theory of respondeat superior and vicarious liability.

## SECOND CAUSE OF ACTION
### (Violation of the WPLA - RCW 7.72 et seq. – Negligence and Strict Liability)

26. Plaintiff Mr. Sundheim incorporates by reference the allegations set forth above, as if fully set forth herein.

27. Defendant JLG is an entity that is in the business of manufacturing products, including, but not limited to the Lift at issue in

COMPLAINT - 6

this case. Thus, it is a product seller and a product manufacturer as defined by the Washington Products Liability Act, RCW 7.72.010.

28. Defendant JLG breached the duty to use reasonable care and was negligent, including, but not limited to the following ways: failure to properly instruct the technician on how to replace a boom sensor, failure to inquire as to the technician's training, certification and credentials and determine if he had the experience necessary to properly replace the boom sensor, and failure to properly manufacture the Lift free from defect.

29. Such negligence by Defendant JLG has proximately caused Mr. Sundheim significant harm, injury and damages in an amount to be proven at trial, plus interest, attorney fees and costs pursuant to equity and applicable law.

30. Defendant JLG is strictly liable to Mr. Sundheim because the Lift at issue proximately caused Mr. Sundheim injury and damages as the Lift at issue was not reasonably safe in construction, as it deviated in some material way from the design specifications and/or performance standards of JLG, or deviated in some material way from otherwise identical units of the same product line.

31. Such strict liability by Defendant JLG has proximately caused Mr. Sundheim significant harm, injury and damages in an amount to be

COMPLAINT - 7

Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 410
Spokane, Wa 99201
P 509.321.5930 / F 509.321.5935

proven at trial, plus interest, attorney fees and costs pursuant to equity and applicable law.

32. The negligence and strict liability by Defendant JLG's employees occurred within the course and scope of employment.

33. Defendant JLG is liable for the acts and omissions of its employees under the theory of respondeat superior and vicarious liability.

## IV.   JURY DEMAND

34. Pursuant to FRCP 38, Mr. Sundheim hereby demands a trial by jury in this matter as to all claims and issues so triable.

## V.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff Jeremy Sundheim prays for relief against Defendant JLG Industries, Inc. as follows:

1. For damages in the amount to be proven at trial;

2. For prejudgment and post-judgment interest, pursuant to applicable law;

3. For attorney fees and costs pursuant to statute, equity and other applicable law; and

4. For such further relief as the Court deems just and equitable.

//

//

COMPLAINT - 8



Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 410
Spokane, Wa  99201
P 509.321.5930 / F 509.321.5935

DATED this 27th day of September, 2016.

/s/ Nicholas D. Kovarik
Nicholas D. Kovarik, WSBA #35462
Attorney for Plaintiff Jeremy Sundheim
PISKEL YAHNE KOVARIK, PLLC
522 W. Riverside Avenue, Ste. 410
Spokane, WA 99201
Telephone:  (509) 321-5930
Fax:  (509) 321-5935
Email:  nick@pyklawyers.com

/s/ Sean E. Johnson
Sean E. Johnson, WSBA #46089
Attorney for Plaintiff Jeremy Sundheim
JOHNSON LAW FIRM, P.C.
421 W. Riverside Avenue, Suite 407
Spokane, WA 99201
Telephone: (509) 325-4887
Facsimile: (509) 443-4462
sean@seanjohnlaw.com